UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20161-CIV-MORENO

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

    Plaintiffs,

vs.

BENEFICA HEALTH CENTER, CORP.,
CARLOS CAMILO PEREZ, M.D., OTTO EL
CORO, MERCEDES N. ALONSO, and
AGUSTIN DE CARDENAS SANCHEZ,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

### I. BACKGROUND

In this case, GEICO alleges that Benefica Health Center Corporation submitted a massive amount of no-fault billing to GEICO that falsely represented it was operating in compliance with the licensing requirements of the Florida Health Care Clinic Act, and was therefore eligible to collect insurance benefits. Indeed, GEICO alleges that Benefica is not eligible to receive reimbursement for its claims because it does not have, nor did it have, a legitimate medical director as defined by the Act. The seven-count amended complaint first seeks a declaratory judgment declaring that Benefica has no right to receive payment for about $150,000 in pending bills submitted to GEICO. The remaining six counts against the various defendants allege violations of RICO and the Florida Deceptive and Unfair Trade Practices Act, statutory insurance fraud, common law insurance fraud, and unjust enrichment for about $2.9 million of

insurance claims that GEICO already paid. Essentially, GEICO alleges that Benefica pervasively billed for medically unnecessary and illusory services, misrepresented the identities of the actual service providers, and concealed that it was unlawfully billing GEICO for physical therapy services that were performed by unlicensed and unsupervised massage therapists.

GEICO's original complaint was filed on January 12, 2017. Defendants' answer was originally due February 8, 2017, but this Court extended the deadline to March 27, 2017. On that day, Defendants filed their first motion for a more definite statement. Before this Court ruled on that motion, Plaintiffs filed an amended complaint. Defendants then filed this second motion for a more definite statement.

## II. LEGAL STANDARD

"A party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The purpose of the pleading standards under [Federal Rule of Civil Procedure] 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Icon Health & Fitness, Inc., v. IFITNESS, Inc.*, No. 12-20125, 2012 U.S. Dist. LEXIS 46824, at *18 (S.D. Fla. Apr. 3, 2012) (Moreno, J.) (internal quotations and citations omitted).

"Motions for more definite statement are disfavored in the federal system, due to liberal discovery practices." *Scouten v. NCL (Bahamas) Ltd.*, No. 08-21485, 2009 U.S. Dist. LEXIS 132535, at *10 (S.D. Fla. Mar. 3, 2009) (Moreno, J.). "Because pleadings give notice and

discovery provides the intricacies of the issues and evidence for trial, a [R]ule 12(e) motion will be granted only if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Int'l Aero. Grp., Corp. v. Evans Meridian, Ltd.*, No. 16-24997, 2017 U.S. Dist. LEXIS 26189, at *14-15 (S.D. Fla. Feb. 23, 2017) (King, J.) (internal quotations and citations omitted).

### III. ANALYSIS

Defendants argue that GEICO has failed to "identify with specificity": (1) the more than $150,000 in outstanding and unpaid Benefica billing; and (2) the specific allegedly fraudulent charges submitted that GEICO already paid. Further, Defendants argue that GEICO should be required to identify the patient(s) associated with each claim because only then can Defendants identify the discrete claims at issue and determine whether there are any abstention or statute of limitations defenses.

Defendants' arguments fail. There are a number of reasons to believe that the amended complaint provides more than adequate information at this stage of the dispute. First, it is implausible that Defendants do not know which claims have been paid by GEICO and which were not. Even if Defendants truly do not know, they will learn during discovery. Second, the amended complaint provides a large representative example—tens of thousands of claims spanning 814 pages—of alleged fraudulent claims identified to date, each including the date of the underlying accident, the type of service allegedly provided, the date on which services were provided, the approximate date on which the claim was mailed to GEICO, the amount of the claim, and the exact claim number used by Defendants. Armed with this extensive information, it seems implausible that Defendants are "unable to identify the pending claims at issue" without the identities of the patients.

The amended complaint provides more than adequate information for Defendants to respond in good faith. Defendants are on clear notice of their alleged fraudulent conduct as the amended complaint alleges, *inter alia*, that Benefica was unlawfully operating without a legitimate medical director; that the putative health care services billed through Benefica were fraudulent; and that Defendants illegally billed GEICO for services. The amended complaint is not unintelligible. To the contrary, although it does not specify all allegedly fraudulent reimbursement claims, it provides thousands of examples, each containing Benefica's claim number, the date received, CPT code, and purported date of service. To the extent any allegations are unclear due to a lack of specificity, they are more appropriately clarified by discovery.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for More Definite Statement is **DENIED**. Defendants shall file a response to Plaintiffs' amended complaint no later than **May 16, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ of May 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record